U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 3 ◆ 2008

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHN WEBB, ID # 415339, )
    Petitioner, )
vs. ) No. 3:08-CV-0596-L (BH)
) ECF
NATHANIEL QUARTERMAN, Director, ) Referred to U.S. Magistrate Judge
Texas Department of Criminal )
Justice, Correctional Institutions Division, )
    Respondent. )

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

### I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ habeas corpus pursuant to 28 U.S.C. § 2254 purportedly to challenge "Senate Bill 917" as applied to his life sentence imposed for murder in Cause No. F85-88094-IH. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On May 23, 1985, petitioner was found guilty of murder in Dallas County and received a life sentence. In his latest parole review, the Texas Board of Pardons and Paroles denied him parole and assessed a two-year setoff, making his next parole consideration for April 2009.

On April 7 2008, the Court received the instant federal habeas action that petitioner filed pursuant to 28 U.S.C. § 2254. In his sole ground for relief, he claims that he is entitled to an annual parole review and that Senate Bill 917, codified at Tex. Gov't Code § 508.141(g), is unconstitutional

because it allows the parole board to set off a review date for up to five years.

## II. SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Section 2254(a) of Title 28 of the United States Code directs the courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

> The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting Rule 4 Advisory committee Notes).

Petitioner claims that Tex. Gov't Code Ann. § 508.141(g) violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution; the constitutional ban on bills of attainders; and the separation of powers doctrine. He contends that such violations thus violate his right to due process.[1]

---

[1] Petitioner also asserts that the actions of the parole board violates the Texas constitutional principle of due course of law. Of course, such claim does not entitle petitioner to federal habeas relief because such relief can only be had for violations of the laws or constitution of the United States.

2

Section § 508.141(g) does not violate the ex post facto clause. *See Mondy v. Quarterman*, No. 3:06-CV-2314-P, 2007 WL 30263, at *2 (N.D. Tex. Jan.4, 2007). Nor does it constitute an illegal bill of attainder, violate due process, or amount to cruel and unusual punishment. *See Webb v. Quarterman*, No. 3:06-CV-2259-D, 2007 WL 4166159, at *2 (N.D. Tex. Sept. 13, 2007) (recommendation of Mag. J.), *accepted by* 2007 WL 4165716 (N.D. Tex. Nov. 21, 2007).[2] "The only difference between the prior law and the new law is that the board must now review a prisoner's parole eligibility at least every five years – a change that is more favorable to petitioner." *Id.* The statute "merely changes the rules governing the timing of subsequent parole reviews" and that "[u]nder Texas law, the Board has always had wide discretion in determining when and which eligible inmates they should release to parole." *See Chambers v. Dretke*, No. H-05-2238, 2005 WL 2045460, at *2 (S.D. Tex. Aug. 24, 2005).

There is also no separation of powers violation. *See Baca v. Owens*, No. 07-51148, 2008 WL 3380769, at *1 (5th Cir. Aug. 7, 2008) (per curiam) (finding no violation of the Separation of Powers doctrine when the claims involve only state branches of government); *Ross v. Cockrell*, No. 3:02-CV-1331-L, 2002 WL 31415979, at *3 (N.D. Tex. Oct. 17, 2002) (accepting recommendation of Mag. J. which recognized that actions of a state parole board do not violate the Separation of Powers doctrine). Moreover, there is no federal constitutional right to early release on parole. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Based upon the above-cited case law, petitioner has stated no viable violation of the Constitution or laws or treaties of the United States. Consequently, his habeas petition necessarily fails.

---

[2] This case involves a Clinton Webb who was convicted of murder and aggravated robbery in 1985.

3

## III. EVIDENTIARY HEARING

Upon review of the pleadings filed herein, an evidentiary hearing appears unnecessary.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the District Court summarily **DISMISS** petitioner's application for habeas corpus relief, brought pursuant to 28 U.S.C. § 2254.

SIGNED this 31st day of October, 2008.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE